

2008 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

8-27-2008

# Kant v. Seton Hall Univ

Precedential or Non-Precedential: Non-Precedential

Docket No. 08-1101

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2008

Recommended Citation

"Kant v. Seton Hall Univ" (2008). *2008 Decisions.* Paper 619.
http://digitalcommons.law.villanova.edu/thirdcircuit_2008/619

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2008 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 08-1101
_____

CHANDER KANT,
                                        Appellant

v.

SETON HALL UNIVERSITY


_____

On Appeal from the United States District Court
for the District of New Jersey
(D.C. Civil Action No. 03-CV-06135)
District Judge:  Honorable William H. Walls

_____

Submitted Pursuant to Third Circuit LAR 34.1(a)
August 26, 2008
Before: SLOVITER, BARRY and NYGAARD, <u>Circuit</u> <u>Judges</u>

Opinion filed: August 27, 2008
_____

OPINION
_____

PER CURIAM

Chander Kant, a male of Indian origin, brought a suit against Seton Hall University

alleging employment discrimination on the basis of race and national origin in violation

of 42 U.S.C. § 1981, Title VII of the Civil Rights Act of 1964 ("Title VII"), and the New

Jersey Law Against Discrimination, N.J.S.A. 10:5-1 et seq. ("NJLAD"). He also claimed the University retaliated against him for filing a charge of discrimination and a previous lawsuit against the University, and he asserted claims for breach of his employment contract. The United States District Court for the District of New Jersey granted Seton Hall's motion for summary judgment on all counts but the one claiming a breach of the employment contract.[1] Kant now appeals the decision. For the following reasons, we will affirm the judgment of the District Court.[2]

## I.      Factual and Procedural Background

Kant has been employed in the Department of Economics at Seton Hall University's W. Paul Stillman School of Business since 1989. Kant filed charges of national origin discrimination and retaliation against the University with the Equal Employment Opportunity Commission ("EEOC") alleging that the University discriminated against him when it denied him promotion to full professor during the 1998-99 academic year. Kant filed a lawsuit against the University based on those

---

[1] That count was dismissed without prejudice to Kant raising the employment contract claims in state court within 30 days of the dismissal. Kant has not appealed this aspect of the ruling.

[2] We read the District Court opinion as implicitly denying Kant's motion for summary judgment, and we construe his notice of appeal to challenge this aspect of the decision as well. We find that the District Court properly granted Seton Hall's summary judgment motion, as explained below, and therefore find that the District Court also properly denied summary judgment to Kant.

charges on October 23, 2000 .[3]  While that suit was pending, Kant filed new charges of

national origin discrimination and retaliation with the EEOC.  After receiving a Right to

Sue letter, he filed the current suit, based on a number of incidents occurring between

January 2001 and June 2004.  Kant alleges that during this period, the University denied

his requests for fringe benefits, his requests for partial pay while on leaves of absence, his

request for a sabbatical, his request for an unpaid leave of absence, denied him

opportunities to present papers at professional conferences, and denied his requests for

reimbursements of travel expenses. Kant apparently alleges that at least some of the

incidents were discriminatory in their own right, and that the incidents all occurred in

retaliation for the first lawsuit.[4]

## II.    Analysis

We have jurisdiction over the appeal under 28 U.S.C. § 1291 and exercise plenary

review over the District Court's decision to grant summary judgment.  McGreevey v.

Stoup, 413 F.3d 359, 363 (3d Cir. 2005).  Summary judgment is appropriate when the

"pleadings, the discovery and disclosure materials on file, and any affidavits show that

there is no genuine issue as to any material fact and that the movant is entitled to

---

[3] Kant prevailed after a jury trial on his retaliation claim in that suit.  Both parties
appealed, but this Court affirmed the District Court in all respects.  Kant v. Seton Hall
University, Nos. 06-4448 and 06-4464, slip op. (3d Cir. May 29, 2008).

[4] Kant has not disputed the District Court's finding that, although it is not entirely
clear, some of Kant's claims appear to have been pled to support allegations of both
discrimination and retaliation, while others appeared to only support an allegation of
retaliation.  Dist. Ct. Op. at 6.

judgment as a matter of law." Fed. R. Civ. P. 56(c). A court reviewing a summary judgment motion must evaluate the evidence in the light most favorable to the nonmoving party and draw all reasonable inferences in that party's favor. Brewer v. Quaker State Oil Ref. Corp., 72 F.3d 326, 330 (3d Cir. 1995). However, a party opposing summary judgment "must present more than just 'bare assertions, conclusory allegations or suspicions' to show the existence of a genuine issue." Podobnik v. U.S. Postal Serv., 409 F.3d 584, 594 (3d Cir. 2005) (quoting Celotex Corp. v. Catrett, 477 U.S. 317, 325 (1986)).

As Kant did not submit direct evidence of discriminatory behavior, the District Court appropriately analyzed his Section 1981, Title VII and NJLAD discrimination claims under the familiar burden-shifting framework established by McDonnell Douglas v. Green, 411 U.S. 792 (1973). See also Jones v. School Dist. of Philadelphia, 198 F.3d 403, 410 (3d Cir. 1999) (applying McDonnell Douglas framework to § 1981 claim); Keller v. Orix Credit Alliance, 130 F.3d 1101, 1114 n.5 (3d Cir. 1997) (en banc) (applying McDonnell Douglas framework to claim brought under NJLAD). Under that framework, a plaintiff challenging an adverse employment decision has the initial burden of establishing a prima facie case of discrimination. See McDonnell Douglas, 411 U.S. at 802. To set forth a prima facie case of disparate treatment a plaintiff must show that he or she: 1) belongs to a protected class; 2) was qualified for the employment benefit he sought, and that 3) nonmembers of the protected class were treated more favorably. See

4

Id.; see also Goosby v. Johnson & Johnson Med., Inc., 228 F.3d 313, 318 (3d Cir. 2000); see also Williams v. Pemberton Twp. Public Schools, 733 A. 2d 571, 575-76 (N.J. Super. Ct. App. Div. 1999). The burden then shifts to the employer to proffer a legitimate, nondiscriminatory reason for the decision. See Keller, 130 F.3d at 1108. Once that burden is met, the plaintiff must establish by a preponderance of the evidence that the nondiscriminatory reasons articulated by the employer are pretextual. See Jones, 198 F.3d at 410. To defeat summary judgment, "the plaintiff must point to some evidence, direct or circumstantial, from which a factfinder could reasonably either (1) disbelieve the employer's articulated legitimate reasons; or (2) believe that an invidious discriminatory reason was more likely than not a motivating or determinative cause of the employer's action." Fuentes v. Perskie, 32 F.3d 759, 764 (3d Cir. 1994). More particularly, the plaintiff must demonstrate "such weaknesses, implausibilities, inconsistencies, incoherencies, or contradictions in the employer's proffered legitimate reasons for its action that a reasonable factfinder *could* rationally find them 'unworthy of credence' and hence infer 'that the employer did not act for [the asserted] non-discriminatory reasons.'" Id. at 765 citing Ezold v. Wolf, Block, Schorr & Solis-Cohen, 983 F.2d 531, 533 (3d Cir. 1992).

We conclude that the District Court's analysis and entry of summary judgment on the discrimination claims are fully supported by the record. The District Court thoroughly examined each claim, and we agree that even assuming that Kant met his prima facie case

of showing discrimination against him on account of his race or nationality, in each case, Seton Hall established legitimate, nondiscriminatory reasons for the alleged adverse actions. See Fuentes, 32 F.3d at 763 (noting that the employer's burden to articulate a legitimate, nondiscriminatory reason is "relatively light"). We further agree that Kant did not meet his burden of showing that these reasons were unworthy of credence. Although Kant disagreed with the University's decisions, he did not demonstrate that the reasons for those decisions were invidious.[5]

To advance a prima facie case of retaliation under section 1981, Title VII, or the NJLAD, a plaintiff needs to show that: 1) he engaged in a protected employee activity; 2) the employer took an adverse employment action after or contemporaneous with the protected activity; and 3) a causal link exists between the protected activity and the employer's adverse action. See Abramson v. William Paterson College of New Jersey, 260 F.3d 265, 286 (3d Cir. 2001). We agree with the District Court that with some of Kant's retaliation claims, the action alleged to have been taken by the employer was not a materially adverse employment action.[6] We further agree that Kant's remaining

---

[5] Kant has not challenged the District Court's holding that some of his Title VII and NJLAD claims are time-barred because the incidents occurred more than 300 days before the filing of his EEOC charge.

[6] For example, Kant alleges that the University unreasonably issued him a letter finding that he had falsified his credentials and warning him that if such an infraction occurred again, he could face disciplinary action, up to and including dismissal. As the District Court noted, the letter was simply a warning and no adverse action was taken against Kant.

retaliation claims fail because he did not establish a causal link between his protected activity and the University's actions.

After thoroughly reviewing the record, we conclude that the District Court properly determined that Kant did not demonstrate the existence of a genuine issue of material fact with regard to his discrimination and retaliation claims. Accordingly, we will affirm the judgment of the District Court.[7]

---

[7] Kant's motion for Leave to File a Reply Supplementary Appendix is granted. The University's motion for oral argument is denied as moot.